UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61099-CIV-MARRA/SELTZER

ST. PAUL TRAVELERS COMPANIES, INC.,

    Plaintiff,

ONE BEACON AMERICA INSURANCE
COMPANY,

    Intervening Plaintiff,

vs.

BK MARINE CONSTRUCTION, INC.;
POWERMIX INDUSTRIES, INC.;
DIVERSIFIED INDUSTRIES, INC.;
PILE AND MARINE CONSTRUCTION, INC.;
JOHNNY YANEZ; and CATHY YANEZ,

    Defendants.
_____/

**ORDER AND OPINION**

    This Cause is before the Court upon Plaintiff St. Paul Travelers Companies, Inc.'s ("St. Paul") Motion for Judgement on the Pleadings (DE 23) filed on March 2, 2006, and Intervening Plaintiff One Beacon America Insurance Company's ("Beacon") Motion for Summary Judgment (DE 22) filed on March 2, 2006.  The Court directed Defendants to respond to the motions (DE 25) on June 15, 2006, warning Defendants that failure to do so would result in the Court accepting all material facts set forth in the Motion for Summary Judgment which are supported by record evidence as true in accordance with Local Rule 7.5.D.  Defendants have not filed a response.  The matter is now ripe for review.

## I.     Background

*Procedural Background*

On July 19, 2005, St. Paul filed its First Amended Complaint for Declaratory and Other Relief in Admiralty. (DE 4.)  Plaintiff's request for declaratory relief revolves around a marine insurance policy issued by Plaintiff to Defendants BK Marine Construction, Inc., Powermix Industries, Inc., Diversified Industries, Inc., and Pile and Marine Construction, Inc . ("Insured") . Specifically, Plaintiff seeks a declaration that it does not provide coverage for liability related to injuries sustained by Defendants Johnny and Cathy Yanez arising from an automobile accident with an employee of Defendant BK Marine.  Plaintiff contends that the marine insurance policy it issued to Defendants Insured excluded any coverage for bodily injury resulting from the use of an automobile owned by an Insured and operated by an employee of the Insured while in the course of his employment . (Amended Compl . ¶ 18 .) The Yanez Defendants, however, counter that Plaintiff does provide coverage for the personal injuries they allegedly sustained and that they are entitled to claim directly against Plaintiff . (Id. ¶ 19.)

On November 30, 2006, Beacon filed a Motion to Intervene (DE 10) based on its assertion that Beacon received a claim from the Yanez defendants pertaining to the same automobile accident.   Beacon stated that is provides a Marine Excess Liability policy to the Insured that provides coverage on claims received against St. Paul in excess of St. Paul's policy limits.  The Court granted the motion (DE 13) allowing Beacon to intervene pursuant to Fed. R. Civ. P. 24(a).

On March 2, 2006, St. Paul and Beacon filed Motions for Judgment on the Pleadings and

Summary Judgment respectively.  (DE 23 & 22.)  On July 3, 2006, Defendants Johnny and Cathy Yanez filed a Motion to Continue Intervening Plaintiff One Beacon America Insurance Company's Motion for Summary Judgment.  (DE 28.)  In their motion, Defendants asserted that they needed to pursue fact discovery before responding to the pending dispositive motions.  (DE22 & DE 23).  Plaintiffs responded to Defendants' motion on July 11, 2006 (DE 29 & DE30), maintaining that there are no disputes of material fact and that the interpretation of a policy of insurance is a legal issue to be determined by the Court.  Accordingly, Plaintiffs requested that the Court rule on the pending dispositive motions.  On October 10, 2006, the Court issued an Order to Show Cause, requiring Defendants to file a reply explaining why discovery was needed to rule on the pending dispositive motions.  (DE 32.)  Defendants Johnny and Cathy Yanez did not submit a reply as ordered to by the Court.  Further, none of the Defendants have submitted a response to the pending dispositive motions, an action the Court ordered all defendants to do on June 15, 2006.  (DE 25.)  On November 14, 2006, Intervening Plaintiff then filed a Motion to Consider Pending Motions Fully Briefed and Request for Ruling on the Merits.  (DE 33.)  The Court subsequently issued an order (DE 34) denying Defendant's Motion to Continue (DE 28) and granting Intervening Plaintiff's Motion (DE 33) to Consider Pending Motions Fully Briefed and Request for Ruling on the Merits.  This order follows.

*Factual Background*

The facts as gleaned from the complaint and admitted portions of the answer are as follows.  On December 20, 2004, BK Marine employee James Tagmeyer was involved in a motor vehicle accident while operating a truck and trailer owned by Diversified on I-95 North in Delray Beach, Florida.  (Amended Compl. ¶13.)  Defendants Johnny and Cathy Yanez claim to

have suffered personal injuries as a result of the accident. (Amended Compl. ¶ 14.) Johnny Yanez and his wife Cathy Yanez have asserted a claim for alleged personal injuries against the Insured and its automobile liability carrier, Allstate Insurance ("Yanez Claim"). (Amended Compl. ¶ 15.) Allstate, on behalf of the Insured, has settled the Yanez Claim. (Amended Compl ¶ 16.) The Yanezes have asserted that the St. Paul Policy provides coverage for the personal injuries they allegedly have sustained, and they have demanded that St. Paul tender the limits of the St. Paul Policy to them in settlement of their claims. (Amended Compl. ¶¶ 19-20.)

On about June 30, 2002, St. Paul Fire and Marine Insurance Company issued Marine General Liability Policy of Insurance number 368FA0992 (the "St. Paul Policy") to Defendants BK Marine Construction, Inc., Powermix Industries, Inc., Diversified Industries Inc., and Pile and Marine Construction, Inc. (Amended Compl. ¶ 8.) Section II, ("General Liability Coverages"), Coverage A ("Bodily Injury and Property Damage") of the St. Paul Policy provides in relevant part:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:
> "Bodily Injury"
>
> "Property Damage"

(Amended Compl. ¶ 10.) Coverage under the St. Paul Policy is subject to various exclusions, including but not limited to, the following exclusion which provides in pertinent part:

> **2.    Exclusions**:
>
> *The exclusions which follow apply to all coverages in all sections of this policy including the "Marine Liabilities" sections.*

> This insurance does not apply to
>
> (3)     Aircraft or Auto
>
> "Bodily injury" or "property damages" arising out of the ownership, maintenance, operation, use, entrustment to others, "loading or unloading" of:
>
> (a)  any "automobile" or "aircraft" operated by any person in the course of his employment by any insured.
>
> (b) any "automobile" or "aircraft: owned or operated by or rented or loaned to any insured

(Amended Complaint ¶ 11.)  Section 204(4) of the St. Paul Policy defines "auto" and "automobile" as

> Auto or Automobile means a land motor vehicle, trailer, or semi trailer, designed for travel on public roads, including any attached machinery or equipment.  But auto or auto mobile does not include "mobile equipment" as defined hereafter.

(Amended Complaint ¶ 12.)

In its Motion for Judgment on the Pleadings, St. Paul argues that the automobile accident is excluded by the 'auto exclusion' contained in the standard Commercial General Liability ("CGL") policy it issued to Defendants.  St. Paul asserts that the policy is clear and unambiguous, leading to the conclusion that the automobile accident falls outside the scope of coverage.  For support, St. Paul asserts that this standard automobile exclusion has been routinely upheld by this Court and other Florida courts as unambiguous and excluding coverage for automobile accidents such as the one at issue.  Further, St. Paul argues that because the CGL policy and an automobile policy are designed to insure different non-overlapping risks, Florida

courts rarely find duplicate coverage exists under the two types of policies. Since Allstate provided a specific automobile insurance policy to Defendants, St. Paul argues, the CGL policy does not provide duplicate coverage.

In its Motion for Summary Judgment, Beacon identifies its Marine Excess Liability policy, issued on or about March 5, 2004 with limits of $5,000,000, as providing excess coverage for damages exceeding the policy limits of the underlying St. Paul policy. For support, Beacon carefully lays out the pertinent provisions if its policy.

### B. LIMIT OF LIABILITY - UNDERLYING LIMITS

> Subject to the Limit of Liability stated on the Declaration page, the Company shall be liable for Ultimate Net Loss each occurrence excess of the Underlying Limits

(Intervening Compl. p. 10.) "Underlying Insurance" is defined as "all the insurance insuring to the benefit of the Assured listed on the attached schedule of Underlying Insurance." (Intervening Compl. p. 10.) The St. Paul policy is included in the schedule of underlying insurance. Beacon then lists the salient "**EXCLUSIONS**" section of the policy.

> **(A)** This insurance does not apply to:
>
> 11. any liability for, or any loss, damage, injury, or expense caused by, resulting from or incurred by reason of:
>
> (p) liability arising out of the following activities of the Assured unless coverage is provided in the Underlying Insurance and then coverage hereunder shall only operate as excess of such coverage:
>
>> 1. from operation or use of any automobile, truck, or aircraft;

(Intervening Compl. pp. 5-6.)  Beacon argues that its policy language is clear and explicit: there is no coverage of liability arising out of a motor vehicle unless such coverage is provided in the underlying St. Paul policy.  Beacon next echoes the arguments crafted by St. Paul in favor of excluding coverage for any injuries arising out of the automobile accident at issue.  Absent coverage by St. Paul, Beacon asserts, there is no coverage by Beacon.

## II.     Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law."  *Ortega .v Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996) *citing* Fed. R. Civ. P. 12(c).  The Court must assume that all facts in the pleadings are true and view those facts in a light most favorable to the non-moving party.  *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).   The claims or defenses may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [or defense] which would entitle him to relief."  *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir.1996) *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of

7

proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted). The Court must "avoid weighing conflicting evidence or making credibility determinations." *Hilburn v. Murata Electronics N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Rather, the determination is whether there are any genuine issues of fact which should properly be resolved by the fact finder because they can be resolved in favor of either party. *Anderson*, 477 U.S. at 250.

### III.     Discussion

Defendants have not contradicted any of the alleged material facts; rather, Defendants have admitted the material facts in the answers to the complaints. Indeed, in the joint scheduling

order, Defendants agreed that discovery should be postponed until the resolution of the pending motions. (DE 26.) As such both motions can be decided on the merits at this time. The dispositive issue is whether the St. Paul Policy excludes coverage for any injuries arising out of the automobile accident, as a matter of law. The Court answers this question in the affirmative.

**Judgment on the Pleadings**

The Court finds the language in St. Paul Policy Marine General Commercial Liability policy to be clear and unambiguous. The automobile exclusion clearly states that coverage is excluded for any bodily injury or property damages arising from any automobile operated by any person in the course of his employment by any insured. The definition of automobile includes a land motor vehicle or semi trailer, designed for travel on public roads. Florida case law has routinely found these types of automobile exclusion policies to be unambiguous and valid. *See e.g. Allstate Ins. Co. V. Safer*, 317 F.Supp. 2d 1345, 1349-50 (M.D. Fla. 2004)(quoting *Ohio Casualty Ins. Co. v. Continental Casualty Co.*, 279 F.Supp. 2d 1281, 1284 (S.D. Fla. 2003)) ("'The phrase arising out of the ownership, maintenance or use of an auto' is not ambiguous."); *Hagen v. Aetna Casualty*, 675 So.2d 963, 965-66 (Fla. Dist. Ct. App. 1996)("The policy provision in our case is not ambiguous. It clearly excludes injuries arising out of the use of a vehicle."); *Alligator Enterprise Inc., v. General Agent,* 773 So.2d 94, 96 (Fla. Dist. Ct. App. 1971)("Without question, the injury here, as alleged in the Laszich's complaint, arose out of the ownership, maintenance, or use of Alligator's tractor and trailer for which there is no coverage under the policy in question.")

Here, it is undisputed that James Tagmeyer was an employee of the insured BK Marine at the time of the accident and Mr. Tagmeyer was driving the tractor trailer, owned by Diversified,

in the scope of his employment. Given these undisputed facts, the Court finds that this conduct fits squarely into the automobile exclusion found in the St. Paul CGL policy. Further, the tractor trailer qualifies as an automobile as defined in the St. Paul Policy. Accordingly, the Court finds the automobile exclusion to be valid and applicable, thereby excluding coverage for any injuries arising out of the accident. Having reached this conclusion, the Court does not reach the issue of duplicate coverage provided by CGL policies and insurance policies.[1]

**Summary Judgment**

The Court also agrees with Beacon's procedural interpretation of the clear language contained within its Marine Excess Liability policy. Having found no coverage on the underlying St. Paul policy, Beacon is off of the proverbial hook. Without liability on the part of the primary insurer St. Paul, there can be no liability on the part of the excess insurer Beacon. Therefore, Beacon's Motion for Summary Judgment is Granted.

**IV.     Conclusion**

Based on the foregoing, it is **ORDERED and ADJUDGED** that Plaintiff St. Paul's Motion for Judgement on the Pleadings **(DE 23)** is **GRANTED;** St. Paul has no liability for any claim for personal injuries asserted by defendants Johnny and Cathy Yanez, and is relieved from any obligation under the St. Paul Policy to defend and indemnify BK Marine, Powermix, Diversified, and Pile from any clam for personal injuries asserted by Defendants Johnny and Cathy Yanez. Intervening Plaintiff Beacon's Motion for Summary Judgment **(DE 22)** is also **GRANTED**; the claim of the Yanezes is not covered pursuant to the terms and conditions of

---

[1] Having offered no response to Plaintiff's arguments, the Defendants are ostensibly relying on the affirmative defenses contained their answer. The court finds these defenses to be, as a matter of law, insufficient to overcome the language of the contract.

Beacon's Marine Excess Liability policy and Intervening Plaintiff does not have a duty to provide a defense to the Insureds should a complaint be filed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of February, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
All counsel of record